UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 18-30735 (AMN) |
|     KRISTINE R. RYAN, | : | Chapter 13 |
|     *Debtor* | : | |
| | : | |
| THE BANK OF NEW YORK MELLON, | : | |
| F/K/A THE BANK OF NEW YORK AS | : | |
| TRUSTEE FOR REGISTERED | : | |
| HOLDERS OF CWABS, INC., | : | |
| ASSET-BACKED CERTIFICATES, | : | |
| SERIES 2005-13, | : | |
|     *Movant* | : | |
| v. | : | |
| KRISTINE R. RYAN, | : | |
|     *Respondent* | : | |
| | : | |
| ROBERTA NAPOLITANO, | : | |
|     *Chapter 13 Trustee* | : | Re: ECF No. 212 |

**MEMORANDUM OF DECISION AND ORDER ESTABLISHING
POST-PETITION MORTGAGE ARREARAGE OWED BY THE DEBTOR**

On February 15, 2022, the court held an evidentiary hearing to determine the amount the Chapter 13 debtor, Kristine R. Ryan ("Debtor"), owes to a creditor, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for registered Holders of CWABS, Inc., Asset Backed Certificates, Series 2005-13 ("Bank"), for post-petition, post-confirmation monthly mortgage payments. The Bank alleges the Debtor owes a total of $5,292.99 for the monthly mortgage payments due October 1, 2020 through and including February 1, 2022. In contrast, the Debtor alleges she is behind in mortgage payments by approximately $2.00.

After a review of the record of this Chapter 13 case and the evidence presented during the February 15th hearing, the court concludes the Debtor owes the Bank

1

$2,642.30 including the **March 2022** monthly installment payment. If this amount is paid, the Debtor will be current with post-confirmation mortgage payments through and including the payment due March 1, 2022. The next monthly mortgage payment of $1,320.15 will be due April 1, 2022. In addition to post-petition mortgage payments, the Debtor also must pay the Chapter 13 Trustee $975.00 per month. ECF No. 181.

## *Relevant Procedural History*

On May 3, 2018, the Debtor filed a voluntary Chapter 13 petition (the "Petition Date"). ECF No. 1. On Schedule D (Creditors Who Have Claims Secured by Property), the Debtor listed the Bank and acknowledged it held a secured claim of $380,000.00 on property located at located at 42 Pennsylvania Avenue, East Haven, Connecticut (the "Property"). ECF No. 1, Schedule D, p. 18. The Bank did not file a proof of claim by the deadline of July 12, 2018.[1] Rather, the Debtor filed a proof of claim ("POC 5-1") on the Bank's behalf pursuant to 11 U.S.C. § 501(c)[2] asserting she owed a mortgage arrearage of $57,000.00 on the Petition Date. POC 5-1. The Debtor later amended the proof of claim to assert an arrearage of $68,551.32. POC 5-2.

Prior to confirmation of a Chapter 13 plan, on May 20, 2019, the Bank moved for relief from the automatic stay alleging the Debtor had failed to make post-petition monthly mortgage payments pursuant to Bankruptcy Code § 362(d)(1). ECF No. 50. The Debtor objected. ECF No. 51. The Bank and the Debtor resolved this dispute by agreeing the post-petition mortgage payments totaling $11,551.32 for the months August 1, 2018 through June 1, 2019 would be incorporated into and paid through the Debtor's Fifth

---

[1] Counsel for the Bank, Attorney Sara Buchanan, filed her notice of appearance on behalf of the Bank on July 17, 2018. ECF No. 22.
[2] Title 11, United States Code, is the "Bankruptcy Code." References to statutory sections are to the Bankruptcy Code unless otherwise specified.

2

Amended Chapter 13 plan (the "Stipulation").  ECF Nos. 56, 57; ECF No. 258-2.  The Stipulation called for the Debtor to resume making post-petition mortgage payments directly to the Bank starting with a $1,106.78 payment due July 1, 2019.  ECF Nos. 53, 56; ECF No. 258-2.  The following month, on July 12, 2019, the court confirmed the Debtor's Fifth Amended Chapter 13 plan (the "5th Amended Plan").  ECF No. 68.

According to the Bank, the Debtor made a payment on July 19, 2019, of $1,097.00 – slightly less than the full amount due for July 2019.  ECF No. 265.  I note the Debtor routinely makes monthly installment payments in amounts that are not the exact amount then due, making the accounting process for the Bank, the court and herself needlessly more difficult.

On September 23, 2019, the Bank filed an Affidavit of Non-Compliance alleging the Debtor failed to make the full monthly payments due for July, August, and September 2019.  ECF No. 70.  The Debtor objected and requested time to make a payment of $2,200.  ECF No. 71.  Over the Debtor's objection and after numerous hearings and continuances, the court granted the Bank's request for relief from the automatic stay on April 23, 2020.  ECF No. 104.

A month later, in May of 2020, the Debtor sought to modify her confirmed 5th Amended Plan, reimpose the automatic stay, and incorporate her post-petition, post-confirmation mortgage arrearage stemming from July 1, 2019 into a modified plan.  ECF No. 110.  The Bank objected.  ECF No. 119.

### *September 24, 2020 Hearing*

After several more continuances, the court held a hearing on September 24, 2020 to consider Debtor's modification request.  Prior to the September 24th hearing, the Bank

filed an accounting indicating $23,255.64 was owed for post-petition payments through August 1, 2020.  ECF No. 152.  During the hearing, the Bank's counsel acknowledged the accounting did not reflect that the post-petition mortgage arrearage of $11,551.32 through June 1, 2019 had been incorporated by the Stipulation into the 5th Amended Plan.  ECF No. 152.  Subtracting the $11,551.32 arrearage addressed in the 5th Amended Plan from the total of $23,255.64, Bank's counsel asserted the Debtor owed $11,704.32 for the post-confirmation months based upon counsel's rough calculation.  ECF No. 164 at 00:09:50 – 00:16:50.[3]  But, the Bank did not include in this post-confirmation amount the payment due for September 2020 – the payment due for the month the hearing was held and that had become due since the Bank's accounting was filed.  ECF No. 164 at 00:22:15 – 00:23:30.

Debtor's counsel urged the court to reimpose the stay because he was holding checks totaling $9,000 to pay down the post-confirmation arrearage, which after payment, would reduce the arrearage owed to approximately $2,000.  ECF No. 164 at 00:09:05 - 00:09:47.

At the conclusion of the September 24th hearing, the court reimposed the stay, ordered the Debtor to provide her counsel with a check for $1,198.34 representing another month's payment owed to the Bank, and continued the hearing to consider the Debtor's motion to modify her confirmed plan to October 29, 2020 (for one month).  ECF No. 164 at 00:30:48 – 00:32:38; *see also*, ECF No. 166.

---

[3]  Bank's counsel also indicated the Bank was holding about $226.00 of unapplied funds received from the Debtor in a suspense account.  ECF No. 164 at 00:09:50 – 00:16:50.

4

### *October 29, 2020 Hearing*

During the continued hearing on October 29, 2020, Debtor's counsel indicated he had received the additional funds from the Debtor.  Debtor's counsel also requested the court confirm the Debtor's proposed Seventh Modified Chapter 13 Plan containing a non-standard provision providing the Debtor would bring herself current on the post-confirmation arrearage.[4]  ECF No. 180 at 00:02:11 – 00:03:38; ECF No. 172, p. 4.

The non-standard provision stated:

> The post-confirmation arrearage of approximately $12,578.00 due Bank of New York Mellon shall be paid in a lump sum direct to the said mortgagee outside the plan immediately upon confirmation of this modified plan and the automatic stay with respect to the debtor's real property at 42 Pennsylvania Ave., East Haven CT shall remain in effect.
> ECF No. 172, p. 11.

Bank's counsel represented the Bank had reviewed the Debtor's proposed Seventh Modified Chapter 13 Plan and supported confirmation.  ECF No. 180 at 00:04:47 – 00:05:01.  There is no clarity in the record or in the proposed plan explaining which monthly payments comprised this post-confirmation arrearage amount of "approximately" $12,578.00.  The Debtor contends the amount needed to bring the mortgage current through October of 2020 was $12,578.00 and the Bank consented to this amount by agreeing to confirmation.

In contrast, the Bank's post-petition payment ledger (the "Payment Ledger") admitted as ECF No. 265 during the February 15th hearing indicates the Debtor owed

---

[4] The Debtor did not file the Seventh Modified Chapter 13 Plan as a separate document on the docket, but as an attachment to her motion to modify.  *See*, ECF No. 110.  The court directed the Debtor to file, and the Debtor subsequently filed, an Eighth Modified Chapter 13 Plan as a separate document. ECF No. 181.

$15,052.40 in monthly mortgage payments for September 1, 2019 through and including October 1, 2020.  This amount is calculated as follows:

> 7 payments at $1,106.78 (for September 1, 2019 - March 1, 2020) = $7,747.46
> 7 payments at $1,198.34 (for April 1, 2020 - October 1, 2020) = $8,388.38
> Subtotal = $16,135.84
> *Minus suspense balance of $1,083.44*
> Total = $15,052.40
> ECF No. 265. ECF No. 270 at 01:04:30 – 01:07:55.

Bank's counsel took no steps prior to or during the October 29, 2020 hearing, or thereafter, to correct the assumption that $12,578 would be sufficient to bring the Debtor current through October of 2020.

Following the hearing and the filing of the Eighth Modified Plan as a separate document, the court confirmed the Debtor's Eighth Modified Chapter 13 plan (the "Modified Plan") on November 16, 2020.  ECF No. 195.

### *The 2021 Default*

On August 10, 2021, the Bank filed an Affidavit of Non-Compliance based on the procedure set forth in the Stipulation alleging the Debtor had failed to make post-petition mortgage payments for April 1, 2021 through July 1, 2021.  ECF No. 212.  The Debtor objected and after several more continued hearings, the parties could not agree on the amount of the arrearage owed for post-petition, post-Modified Plan mortgage payments. The court scheduled an evidentiary hearing for February 15, 2022 (the "Evidentiary Hearing").  ECF No. 250.

### *The Evidentiary Hearing*

During the Evidentiary Hearing, the Bank presented one witness, Jon Greenlee, a case manager from the Bank's loan servicer, Carrington Mortgage Services, LLC.  The

6

Debtor testified on her own behalf.[5] The court admitted seven (7) exhibits offered by the Bank including the Stipulation, ECF No. 258-1; five Notices of Mortgage Payment Changes, ECF Nos. 258-4 – 258-7; and the Payment Ledger.

The Bank's Payment Ledger reflects the Debtor paid a total of $30,098.18 to the Bank after confirmation of the Modified Plan from November 2020 to January 2022 as detailed in the following chart.

| DATE | AMOUNT |
| --- | --- |
| November 17, 2020 | $2,082.66 |
| December 2, 2020 | $13,500.00 |
| January 14, 2021 | $1,197.67 |
| February 5, 2021 | $1,200.00 |
| March 24, 2021 | $1,197.67 |
| April 28, 2021 | $1,200.00 |
| May 10, 2021 | $1,200.00 |
| August 23, 2021 | $3,600.03 |
| September 9, 2021 | $1,200.00 |
| October 15, 2021 | $1,200.00 |
| October 29, 2021 | $120.15 |
| November 22, 2021 | $1,200.00 |
| January 28, 2022 | $1,200.00 |
| Total: | $30,098.18 |

Prior to the Evidentiary Hearing, the Debtor made two additional payments – of $1,200 and $296.44 (totaling $1,496.44) bringing the total the Debtor paid to the Bank to $31,594.62 for the periods post-confirmation of the Modified Plan. ECF No. 270 at 00:41:30 – 00:43:45; 00:48:20-00:48:52.

The monthly mortgage payments due after confirmation of the Modified Plan from November 1, 2020 through and including January 1, 2022, total $19,018.62, as follows:

---

[5] During her testimony, the Debtor attempted to raise additional objections to the amounts due to the Bank claiming she had evidence the Bank had misapplied unstated amounts payments and that she was actually owed money. However, the Debtor was not in a position to present evidence supporting her claim during the Evidentiary Hearing. The Debtor indicated she may bring a new action if there were sufficient grounds to do so. ECF No. 270 at 01:11:30 – 01:14:11.

        5 payments at $1,198.34 (for November 1, 2020 – March 1, 2021) = $5,991.70;
        2 payments at $1,232.86 (for April 1, 2021 – May 1, 2021) = $2,465.72;
        9 payments at $1,320.15 (for June 1, 2021 – January 1, 2022) = $10,561.20.
        Total = $19,018.62.
        ECF No. 265.

On February 1, 2022, another mortgage payment of $1,320.15 became due.[6] If the February 1, 2022 payment is included, the total owed to the Bank from November 1, 2020 to February 1, 2022, equals $20,338.77.

There are two facets to the disconnect between the Debtor and the Bank.

First, the Debtor asserts the arrearage she owed to become current through October 1, 2020 was $12,578.00 as stated in the Modified Plan.

Second, the Debtor asserts the pre-October 2020 arrearage started with the month of November 1, 2019; while the Bank's Payment Ledger indicates the Debtor – as of the October 2020 hearing – was due for September 1, 2019, a two-month difference. This difference is significant because the Debtor's calculations depend on her post Modified Plan payments being applied to payments due November 1, 2019 to October 1, 2020, while the Bank's Payment Ledger indicates the Debtor's first post Modified Plan payment was applied to payments due for September and October of 2019. Adding confusion, Bank's counsel stated during the Evidentiary Hearing that $12,696.74 was the amount needed to bring the Debtor current for the period November 1, 2019 through October 1, 2020. ECF No. 180 at 01:05:00 – 01:07:40. While this number was not inaccurate as to the amount owed for the period November 1, 2019 through October 1, 2020, the amount neglects to include the September and October 2019 payments which the Bank's

---

[6] The current monthly mortgage payment is $1,320.15 pursuant to the Bank's Notice of Mortgage Payment Change filed on April 27, 2021. ECF Nos. 201, 258-7.

Payment Ledger indicated were outstanding and due at the time of the October 29, 2020 hearing.

### *Debtor's Calculations*

The Debtor paid $31,594.62 and argues the amount due as stated in the Modified Plan should be $12,578.00. Using these numbers, the amount due the Bank through March 2022 is summarized in the following table.

| | |
|---|---|
| Amount stated in Modified Plan (post-petition amounts unpaid through October 2020) | $12,578.00 |
| Post-Modified Plan Payments Due (November 1, 2020 through January 1, 2022) | $19,018.62 |
| Subtotal | $31,596.62 |
| Less Debtor's Payments (including $1,496.44 of recent payments) | ($31,594.92) |
| Subtotal (to be current as of January 1, 2022) | $2.00 |
| February 1, 2022 Installment Due | $1,320.15 |
| March 1, 2022 Installment Due | $1,320.15 |
| **Total Due through March 2022** | **$2,642.30** |

Based upon these calculations and including the amounts due for February and March 2022, the amount the Debtor argues she should owe is $2,642.30. ECF No. 180 at 00:51:30 – 00:53:40.

### *The Bank's Calculations*

The Bank asserts the Debtor owes a total arrearage of $5,292.99 through and inclusive of February 2022. After application of the recent payments of $1,496.44, the amount due through March 31, 2022 would total $3,796.55. The Bank's calculations reflect the amounts stated in the Payment Ledger showing that as of the hearing in

October 2020, the Debtor owed mortgage payments starting September 1, 2019. ECF No. 265. The Bank's calculation is summarized in the following table.

| | |
|---|---|
| Amount Due prior to Modified Plan September 1, 2019 – October 1, 2020 | $15,052.40 |
| Amount Due after Modified Plan November 1, 2020 – February 1, 2022 | $20,338.77 |
| Subtotal Amount due through February 1, 2022 | $35,391.17 |
| Less Debtor's Payments | ($30,098.18) |
| Subtotal Arrearage | $5,292.99 |
| Less Debtor's Recent Payments | ($1,496.44) |
| Subtotal Arrearage | $3,796.55 |
| March 1, 2022 Installment Due | $1,320.15 |
| **Total Due through March 2022** | **$5,116.70** |

Adding the $1,320.15 payment due for March 1, 2022, the total amount the Bank argues is due through March 2022 would be $5,116.70.

## APPLICABLE LAW

Bankruptcy Code § 1327(a) provides, "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Upon becoming final, the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. 8 *Collier on Bankruptcy* ¶ 1327.02 (16th). A confirmed chapter 13 plan is *res judicata*. *In re Manning*, 567 B.R. 260, 264 (Bankr. S.D.N.Y. 2017)(citing, *Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 373 (1st Cir. BAP 2001)). The terms are binding even where the confirmed plan contains legal error. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010). "It is therefore incumbent upon creditors with notice of the chapter 13 case to review the plan and object to the plan if they believe it to

be improper; they may ignore the confirmation hearing only at their peril."  8 *Collier on Bankruptcy* ¶ 1327.02 (16th).

## *DISCUSSION*

The Bank is a sophisticated financial business whose basic tasks include keeping track of the amounts borrowers owe to the Bank at any given point in time.  By contrast, the Debtor is a consumer borrower who is struggling to cure pre-petition mortgage arrearages through a Chapter 13 Plan and finds herself having fallen behind on the post-petition mortgage payments required to maintain the mortgage loan against her home during a Chapter 13 case.  But, this dispute is before the court in part because the Bank often misstated the amount due or provided inaccurate information.  Examples include the following:

- The Bank filed an accounting as ECF No. 152 that failed to account for the Debtor's 5th Amended Plan and Stipulation;
- The Bank misstated the post-petition arrearage then due during a hearing on September 24, 2020; and
- During the October 29, 2020 confirmation hearing the Bank did not challenge or correct the Debtor's assertion the post-petition arrearage totaled approximately $12,578.00.

As a result, the court confirmed the Modified Plan including a provision that identified the amount of overdue or missing post-petition payments.  Upon confirmation, the provisions of the Modified Plan bound both the Debtor and the Bank.

During the Evidentiary Hearing, the Bank's counsel continued the record of misstatements by identifying that $12,696.74 was the amount needed to bring the Debtor

11

current for the period November 1, 2019 through October 1, 2020 without clarifying that the evidence reflected the Debtor was due for the September 1, 2019 payment as of the October 29, 2020 hearing. ECF No. 180 at 01:05:00 – 01:07:40. Under these circumstances and based upon the record in this case, the court is persuaded it is equitable to use the arrearage stated in the Modified Plan as the starting point for the calculation of the subsequent amounts due by the Debtor.

## *CONCLUSION*

As identified in the table above setting forth the Debtor's version of the numbers, the court concludes that upon the Debtor's payment of $2,642.30 to the Bank prior to March 31, 2022, the Debtor will be current on her post-confirmation installment payments to the Bank. Monthly installment payments will continue to be due thereafter, starting with the monthly installment payment due April 1, 2022.

**This is a final order subject to rights of appeal. The time within which a party may file an appeal of a final order of the bankruptcy court is fourteen (14) days after it is entered on the docket. See, Fed.R.Bankr.P. 8002(a)(1).**

Dated this 14th day of March, 2022, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut